# EXHIBIT 1

138175088.1

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GAVIN/SOLMONESE LLC, a Delaware Limited Liability Company<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>STEPHEN L. KUNKEL, an individual<br><br>　　　　　Defendant. | Case No.: 1:16-cv-01086<br><br>Judge John R. Blakey<br>Magistrate Judge Jeffrey T. Gilbert |

**PLAINTIFF, GAVIN/SOLMONESE LLC'S
OBJECTIONS AND RESPONSES TO
<u>DEFENDANT STEPHEN KUNKEL'S FOURTH SET OF INTERROGATORIES TO
PLAINTIFF</u>**

Plaintiff, Gavin/Solmonese LLC, ("Gavin/Solmonese" or "Plaintiff") by and through its undersigned attorneys and pursuant to Rule 33 of the Federal Rules of Civil Procedure, provides its responses and objections to Defendant, Stephen L. Kunkel's, ("Defendant" or "Kunkel") Fourth Set of Interrogatories to Plaintiff (the "Interrogatories").

**<u>PRELIMINARY STATEMENT</u>**

The scope of Plaintiff's Answers to Defendant's Fourth Set of Interrogatories is based upon information reasonably available at this time. Plaintiff reserves the right to amend and/or supplement its Answers as information is developed in the course of this lawsuit through discovery and factual investigation.

These Answers are made solely for the purpose of this action. Each answer is made subject to all objections as to competence, materiality, relevance or other objections as to admissibility that may apply in the event that any such response, or the information contained therein, is sought to be used in court. Plaintiff expressly reserves all such objections.

**<u>GENERAL OBJECTIONS</u>**

1. Gavin/Solmonese objects to these Interrogatories to the extent they seek to impose obligations beyond what is required by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of Illinois.

2. Gavin/Solmonese objects to these Interrogatories to the extent they call for any material that is subject to and protected by the attorney-client privilege, the attorney work-product doctrine, or any other statutory or common-law privilege or immunity. Inadvertent disclosure of any information or document subject to any privilege or immunity does not waive the privilege or immunity as to other information or documents regarding the same subject or content and does not waive Plaintiff's right to object to the introduction of such privileged or immunized information or documents into evidence.

3. Gavin/Solmonese objects to all Interrogatories to the extent that they call for production of information or documents that are not in the possession, custody, or control of Gavin/Solmonese.

4. Gavin/Solmonese objects to all Interrogatories to the extent they call for information that is not "relevant to any party's claim or defense" and/or not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit" under Federal Rule of Civil Procedure 26(b)(1).

5. Gavin/Solmonese objects to all Interrogatories to the extent that they require information and/or knowledge concerning third-parties that is not known to Gavin/Solmonese, its agents, or representatives, and to the extent they make factual assertions which are inaccurate.

6. Gavin/Solmonese objects to all Interrogatories insofar as they are designed to

2

137449158.1

annoy, embarrass, oppress, or subject Gavin/Solmonese to undue burden or expense.

7. Gavin/Solmonese objects to all Interrogatories to the extent that they are duplicative or cumulative, or request information or documents which may be, or has been, obtained from another source that is more convenient, less burdensome, or less expensive.

8. Gavin/Solmonese objects to all Interrogatories to the extent that they require historical information and background knowledge that is not known to Plaintiff, its agents, or representatives, and to the extent that they make factual assertions which are inaccurate.

9. Nothing contained in these objections and responses is to be construed as an admission relative to the existence of any information or documents, nor are any of the answers an admission respecting the relevance or admissibility of any information or documents or to the truth or accuracy of any statement or characterization contained in the request.

10. Gavin/Solmonese expressly incorporates these General Objections by reference into each of the following answers. Repetition of one of the General Objections in the answer to any specific Interrogatory does not constitute a waiver or limitation of any of the other General Objections.

## SPECIFIC OBJECTIONS AND RESPONSES TO KUNKEL'S INTERROGATORIES

**INTERROGATORY NO. 1:** Please identify the computer on which documents Bates labeled GS0000516-518 (the "Letter") was created, the date it was created and by whom.

**RESPONSE**: Subject to and without waiving the General Objections, Gavin/Solmonese states that the Letter was created on a MacBook Pro Laptop on November 18, 2014 by Ted Gavin. In early 2015, Ted Gavin switched to an HP Laptop and the MacBook Pro Laptop was subsequently decommissioned, wiped and disposed of in the normal course of business.

**INTERROGATORY NO. 2:** Please identify the person(s) responsible for the ongoing operation, maintenance, expansion, backup and upkeep of computer systems of Gavin/Solmonese for the years 2014 through the present.

3

137449158.1

**RESPONSE**: Subject to and without waiving the General Objections, Ted Gavin is responsible for all IT related matters, including the maintenance, expansion, backup and upkeep of computer systems of Gavin/Solmonese from 2014 through the present.

**INTERROGATORY NO. 3:** Please identify all persons involved in trying to retrieve the metadata for the Letter and the steps each took to do so.

**RESPONSE**: In addition to the General Objections, Gavin/Solmonese objects to this Interrogatory as over broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Gavin/Solmonese states the following:

- Ted Gavin searched his computers and email files for the native copy of the document.

- Veronica Couzo of Perkins Coie searched the documents in her possession for the native copy of the document and attempted to pull the metadata of the pdf in possession by right clicking on the file, clicking on "Properties", and selecting the "Details" tab.

- Perkins Coie's E-discovery Team analyzed the original Egnyte Transmittal received from Ted Gavin and found that the Letter was a loose document in a file titled "ETG 11-18-14 Correspondence re Sale Timeline and Extension of Dates". The Letter was sent to Perkins Coie "as is" meaning it was a single PDF with no email transmittal and no original word document.

**INTERROGATORY NO. 4:** From January 1, 2014 to the present, please identify all persons providing clerical/secretarial or similar support services to Ted Gavin such as typing and mailing letters.

**RESPONSE**: In addition to the General Objections, Gavin/Solmonese objects to this Interrogatory on the ground it seeks information that is neither relevant to the subject matter of

4

137449158.1

the litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Gavin/Solmonese states that Ted Gavin has never personally used an assistant and types his own letters.

Dated: November 16, 2017

Respectfully submitted,

GAVIN/SOLMONESE LLC

By:   /s/ Craig Boggs
      One of Its Attorneys

Craig T. Boggs
cboggs@perkinscoie.com
Veronica K. Couzo
vcouzo@perkinscoie.com

Perkins Coie LLP
131 South Dearborn Street, Suite 1700
Chicago, IL 60603-5559
312.324.8400

Brian L. Shaw
bshaw@shawfishman.com

Shaw Fishman Glantz & Towbin LLC
321 N. Clark St., Suite 800
Chicago, IL 60654
312.666.2833

6

137449158.1

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 16, 2017, I served the foregoing via electronic mail and U.S. Mail upon the following:

>Michael Z. Gurland
>The Gurland Law Firm
>414 North Clay Street
>Hinsdale, IL 60521
>(312) 420-8812
>mzg@gurlandlawfirm.com


>Christopher R. Hedican
>BAIRD HOLM LLP
>1700 Farnam St, Ste 1500
>Omaha, NE 68102-2068
>Phone: 402-344-0500
>Facsimile: 402-344-0588

mzg@gurlandlawfirm.com

>/s/ Craig T. Boggs
>Craig T. Boggs
>Perkins Coie LLP
>131 South Dearborn Street, Suite 1700
>Chicago, IL 60603
>(312) 324-8400
>(312) 324-9400 (facsimile)
>CBoggs@perkinscoie.com

137449158.1