IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GAVIN/SOLOMONESE LLC, a Delaware Limited Liability Company,<br><br>      Plaintiff,<br><br>v.<br><br>STEPHEN L. KUNKEL,<br><br>      Defendant. | Case No. 1:16-cv-01086<br><br>Judge John R. Blakey |

**DEFENDANT STEPHEN KUNKEL'S RESPONSE TO PLAINTIFF'S AMENDED SECOND MOTION TO STRIKE THE FIRST AND SECOND AFFIRMATIVE DEFENSES OF DEFENDANT**

Defendant Stephen Kunkel ("Kunkel" or "Defendant") submits his Response to Gavin/Solmonese's ("Plaintiff's") Amended Second Motion to Strike the First and Second Affirmative Defenses of Defendant's First Amended Answer and in support thereof states:

**I.    STATEMENT OF FACTS**

1. Gavin/Solmonese filed a Complaint in this matter on January 25, 2016 and an Amended Complaint on April 21, 206. (Dkt. # 1; Dkt. # 19).

2. Defendant filed his First Amended Answer on February 12, 2018. (Dkt. # 71).

3. On February 14, 2018, Plaintiff moved to strike two of Defendant's Affirmative Defenses. (Dkt. # 76).

1

## II. ARGUMENTS AND AUTHORITIES

**Motions To Strike Affirmative Defenses Are Disfavored And Plaintiff Cannot Satisfy The Prerequisites For Such A Motion**

Courts generally disfavor motions to strike as they are "often interposed to create a delay" and can be "nothing other than distractions." *Sneeze, Wheeze & Itch Assocs., Inc. v. Dynavax Techs. Corp.*, No. 09-1190, 2010 WL 11553204, at *1 (C.D. Ill. June 14, 2010); *Van Schouwen v. Connaught Corp.*, 782 F. Supp. 1240, 1245 (N.D. Ill. 1991). "Ordinarily, defenses will not be struck if they are sufficient as a matter of law or if they present questions of law or fact." *Edwards v. Mack Trucks, Inc.*, 310 F.R.D. 382, 386 (N.D. Ill. 2015). Courts only grant motions to strike under Rule 12(f) "in limited circumstances, such as when claims are repetitious insofar as they merely restate issues already asserted in other claims before the court." *Awalt v. Marketti*, No. 11 C 6142, 2012 WL 1161500, at *6 (N.D. Ill. Apr. 9, 2012). Moreover, motions to strike will not be granted "unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense, and are inferable from the pleadings." *Maurice Sporting Goods, Inc. v. BB Holdings, Inc.*, No. 15-CV-11652, 2016 WL 2733285, at *2 (N.D. Ill. May 11, 2016).

In addition, when reviewing a motion to strike affirmative defenses, the court must determine "whether it is sufficiently pled pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Oleksy v. Gen. Elec. Co.*, No. 06 C 01245, 2013 WL 3233259, at *17 (N.D. Ill. June 26, 2013). Under Federal Rule of Civil Procedure 12(b)(6), "the court accepts all well-pleaded facts as true, and draws all reasonable inferences in favor of the plaintiff." *Edwards v. Mack Trucks, Inc.*, 310 F.R.D. 382, 384 (N.D. Ill. 2015). Accordingly, an affirmative defense must offer enough facts to show that the defense is

"plausible" on its face. Sneeze, Wheeze, at *1 (Citing *Iqbal*, 129 S.Ct. at 1949–50 (2009); *Bell Atlantic*, 550 U.S. at 555–6.)

1. **Defendant has properly pled an "Unclean Hands" Defense**

Plaintiff alleges that Defendant has not properly pled unclean hands as an affirmative defense contending (a) it is unavailable here as Plaintiff allegedly only pleads a claim in law and not equity and (b) factually it cannot apply in this case. (Dkt. # 76, ¶ 10 & ¶ 13). Plaintiff is incorrect; Defendant's claim of Unclean Hands evidences a significant factual dispute based on discovery developed in this case which is now ripe for a determination by a jury.

Plaintiff's First Amended Complaint seeks damages and salary forfeiture. (Dkt. #19, ¶ 135). Salary forfeiture is an equitable remedy.[1] *See In re Marriage of Pagano*, 154 Ill. 2d 174, 607 N.E.2d 1242 (1992) (stating that the court has equitable discretion to determine the remedy for breach of fiduciary duty and that remedy may be forfeiture of compensation). Moreover, "since the procedural merger of law and equity in 1938 [court opinions and commentaries] have expressed the view that the unclean hands doctrine embodies a general principle equally applicable to damage actions" and not solely equitable actions. *Buchanan Home and Auto Supply Co., Inc. v. Firestone Tire and Rubber Co.*, 544 F. Supp. 242 (D. S.C. 1981) (citing *Tempo Music, Inc. v. Myers*, 407 F.2d 503, 507 (4th Cir. 1969); *Kuehert v. Texstar Corp.*, 412 F.2d 700, 704 (5th Cir. 1969); *Union Pacific Railroad Company v. Chicago & North Western Railway Company*, 226 F.Supp. 400, 410 (N.D. Ill. 1964); Stevens, A Plea for the Extension of Equitable Principles and Remedies, 41 CORN.L.Q. 351 (1956); and Garvey, Merger of Law and Equity, 10 CATH.U.Rev. 59 (1961)).

---

[1] Iowa law governs this issue but Iowa courts have not adopted salary forfeiture as a remedy. However, courts that recognize the doctrine, such as in Illinois hold that salary forfeiture is an equitable remedy.

Regardless, not only is unclean hands applicable to the equitable remedy of salary forfeiture but it applies to claims of damages as well. As the court stated in *Union Pac. R. Co. v. Chicago & N.W. Ry. Co.*, 226 F. Supp. 400, 410 (N.D. Ill. 1964), "[t]he clean hands maxim is not peculiar to equity, but expresses a general principle equally applicable to damage actions."

Moreover, Plaintiff alleges unjust enrichment in Count III of its Amended Complaint (Dkt. # 71, ¶ 138-144). Unjust enrichment is an equitable action. *TRW Title Ins. Co. v. Security Union Title Ins. Co.*, 153 F.3d 822, 829 (7th Cir. 1998); *see also Long v. Kemper Life Ins. Co.,* 196 Ill. App. 3d 216, 218–19, 553 N.E.2d 439, 440 (1990); *In re Marriage of Streif*, 741 N.W.2d 824 (Iowa Ct. App. 2007) (stating "[u]njust enrichment is an equitable principle..."). Courts have found that unclean hands is an available affirmative defense to the equitable action for unjust enrichment. *TRW Title Ins. Co.*, 153 F.3d at 829; *see also Long*, 196 Ill. App. at 218-219. Plaintiff alleges equitable relief and thus Defendant may plead the equitable affirmative defense of unclean hands.

Contrary to Plaintiff's contention that the unclean hands defense does not apply to this transaction, it is legally appropriate here. (Dkt. # 76, ¶ 10). Plaintiff contests the factual issue of whether or not Ted Gavin fabricated a letter that he back-dated to November 18, 2014 (the "Fabricated Letter") so that he could bring a false claim for a lost success fee against defendant Kunkel. (Dkt. 76, ¶ 11). However, in a Rule 12(f) motion to strike an affirmative defense, the court applies the standard under a 12(b)(6) motion and "accepts all well-pleaded facts as true, and draws all reasonable inferences" in favor of the nonmoving party. *Edwards v. Mack Trucks, Inc.*, 310 F.R.D. 382, 384

4

(N.D. Ill. 2015). *Oleksy v. Gen. Elec. Co.*, No. 06 C 01245, 2013 WL 3233259, at *17 (N.D. Ill. June 26, 2013).

Plaintiff further argues that an affirmative defense of unclean hands requires that "[t]he plaintiff's misconduct must have been directed at the defendant" and must "directly relate[] to the current lawsuit." *OSF Healthcare Sys. v. Banno*, 2010 WL 431963 at *3 (C.D. Ill. Jan. 29, 2010). Plaintiff then contends that the Fabricated Letter was not directed at Defendant but Soo Tractor. Plaintiff is incorrect. Defendant alleges that Plaintiffs fabricated a letter agreement purportedly dated on November 18, 2014 for the purpose of making it appear that the success fee provisions of the Management Agreement with Soo Tractor had been extended. (Dkt. # 71, p. 47-48). Without the Fabricated Letter, Plaintiff cannot establish that any of Defendant's actions caused it to lose out on the success fee with Soo Tractor because no basis would otherwise exist for the false claim that Gavin/Solmonese was entitled to a success fee for the sale of Soo Tractor in February 2015. (Dkt. # 71, p. 47-48).

Specifically, Defendant has alleged that Plaintiff created the Fabricated Letter as false evidence against Defendant to support its claim for damages in the current lawsuit. (Dkt. # 71, p. 48). The original success fee provision in the Management Agreement with Soo Tractor expired prior to any allegations regarding Defendant's behavior, and prior to Soo Tractor's termination of Plaintiff. (Dkt. # 19, Ex. A). Plaintiff thus had no rights to any success fee for the sale of Soo Tractor after Plaintiff's contract with Soo Tractor was terminated. (Dkt. # 71, p. 48). Defendant has further alleged that Plaintiff did not manufacture the Fabricated Letter until after Soo Tractor terminated Plaintiff's Management Agreement. (Dkt. # 71, p. 48). Indeed, discovery in this case has shown that Plaintiff never mailed the Fabricated Letter or showed it to Allen Mahaney, evidence

which came to light only after Ted Gavin falsely testified under oath that he had mailed the Fabricated Letter to Mahaney and his attorney. (Dkt. # 71, p. 47-48). Therefore the creation of the Fabricated Letter was directed at the Defendant and directly relates to the current lawsuit. (Dkt. # 71, p. 47-48). Without the Fabricated Letter, Plaintiff would have no basis to allege that it lost a success fee irrespective of the reason why Soo Tractor terminated its relationship with Gavin/Solmonese.

Ultimately Plaintiff's assertion is irrelevant. Even if Plaintiff initially manufactured the Fabricated Letter to make a false claim against Soo Tractor (something which in fact never occurred), Plaintiff is now directing it at Plaintiff and specifically raising it in the current lawsuit to allege that Plaintiff is owed damages from a success fee it claims it had rights to solely as a consequence of the Fabricated Letter. Thus, based on the allegations and the evidence, the Fabricated Letter relates directly to, and appears to have been fabricated for, this lawsuit.

The "uncleans hands [doctrine] is applied broadly, giving substantial discretion to the officer of the court in its application." *Aptix Corp v. Quickturn Design Sys., Inc.*, 269 F.3d 1369, 1371 (Fed. Cir. 2001) (citing *Precision Instrument Mfg. Co. v. Auto Maint. Mach. Co.*, 324 U.S. 806, 815 (1945). The unclean hands doctrine is appropriate where a party manufactures or falsifies evidence. *See Fogg v. Gonzales*, 492 F.3d 447, 456 (D.C. Cir. 2007) (finding unclean hands defense gives a court discretion to refuse to aid litigant who falsified testimony); *Buchanan Homes and Auto Supply., Inc. v. Firestone Tire and Rubber Co.*, 544 F.Supp. 242, 245 (D.S.C. 1987) (stating that unclean hands applies where the cause of action is based on plaintiff's forged and falsified evidence).

Although Plaintiff cites *International Union, Allied Indus. Workers of America, AFL-CIO v. Local,* 693 F.2d 666, 672 (7th Cir. 1982) to support its assertion that

6

Defendant cannot assert unclean hands as a defense, the case actually supports Defendants position. Specifically, the Court held that even where there is not a direct nexus, the unclean hands affirmative defense is applicable where "the bad conduct of plaintiffs in [the] case [] had a pervasive effect on the entire course of th[e] litigation." Plaintiff's manufacture of the Fabricated Letter has a pervasive effect on the litigation because it supports a false claim to relief from Defendants and thus the Court should allow the affirmative defense of unclean hands to go before the jury.

### 2. Defendant Has Properly Pled The "Lack of Standing" Defense

Plaintiff alleges that standing is not properly pled as an affirmative defense. (Dkt. # 76, ¶¶ 15 & 16). Plaintiff's claim has no merit. A federal district court sitting in diversity applies the choice of law rules of the state in which it sits. *Smith v. I-Flow Corp.*, 753 F.Supp.2d 744, 747 (7th Cir. 2010). Illinois follows the conflict of law provisions set forth in the Restatement (Second) Conflict of Laws, under which the law of the state which has the most significant relationship to the transaction and the parties determines their rights and duties. *Technology Solutions Co. v. Northrop Grumman Corp.*, 356 Ill.App.3d 380, 385, 826 N.E.2d 1220, 1225 (2005); Restatement (Second) Conflict of Laws § 188 (1971).

Here, Defendant performed all of his work in Iowa where, at the request of Plaintiff's client, Soo Tractor, Plaintiff, and Soo Tractor required that defendant Kunkel relocate to Iowa during the term of the Management Agreement. (Dkt. # 71, p. 2). Indeed, any dispute regarding the Management Agreement and the success fee provisions is governed by the "laws of the State of Iowa" per the terms of the Agreement. (Dkt. # 19, Ex. A at Section X(G)). Thus, the rights and duties arising from the employment relationship between Plaintiff and Defendant are to be determined

under the law of Iowa.[2] A common law duty of loyalty is implied in employment relationships and exists in at-will employment relationships, as well as contracts for a specific term. *Condon Auto Sales & Service, Inc. v. Crick*, 604 N.W.2d 587 (Iowa 1999), distinguished on other grounds, *Blackford v. Prairie Meadows Racetrack and Casino, Inc.*, 778 N.W.2d 184 (Iowa 2010). Although at-will employment does not bind the parties to performance, the duty of loyalty, attaches once performance commences and continues until it is terminated. *Id*. The *Condon* court concluded, however, that the manner in which an employee performs services for the employer "falls outside the scope of any action for breach of loyalty." *Id*. at 601. The court observed that an employee's duty of loyalty "is not precisely defined," *Id*. at 599, and is generally confined to instances of direct competition, misappropriation of profits, property, or business opportunities, trade secrets and other confidences, and deliberately performing acts for the benefit of one employer which are adverse to another employer. *Id*. at 600

Plaintiff asserts that Defendant violated a duty of loyalty to Plaintiff and incorrectly asserts the Court has already decided this issue on the merits. (Dkt. # 76, ¶¶ 18-20). To survive a motion to dismiss, the court reviews whether the "complaint [] contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). For a motion to dismiss, the court takes "all of the factual allegations in the complaint as true." *Iqbal*, 556 U.S. at 678. "The denial of a motion to dismiss is not, of itself, a final determination or adjudication of the controversy." *Catlett v. Novak*, 116 Ill. 2d 63, 68, 506 N.E.2d 586, 589 (1987). Iowa courts have similarly found, "[t]he court, in ruling on a motion to dismiss, does not

---

[2] Regardless of whether Iowa or Illinois law applies, lack of standing is an affirmative defense and the court should deny the Plaintiff's motion to strike.

8

conclusively determine the merits of the issues presented in the petition." *City of Ankeny v. Armstrong Co.*, 353 N.W.2d 864, 868 (Iowa Ct. App. 1984). "A motion to dismiss under Rule 12(b)(6) does not test the merits of a claim; rather, it tests the sufficiency of the complaint." *Edwards v. Mack Trucks, Inc.*, 310 F.R.D. 382, 384 (N.D. Ill. 2015) (citing *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir.1990)).

Plaintiff is now the moving party in this motion to strike. Contrary to the motion to dismiss in which the Court took the allegations in the complaint as true, for a Rule 12(f) motion to strike, the Court now must accept all well-pleaded facts as true, and draw all reasonable inferences in favor Defendant. *Edwards v. Mack Trucks, Inc.*, 310 F.R.D. 382, 384 (N.D. Ill. 2015). Here, Defendant's affirmative defenses are legally sufficient as they "present questions of law or fact." *Oleksy v. Gen. Elec. Co.*, No. 06 C 01245, 2013 WL 3233259, at *16 (N.D. Ill. June 26, 2013) (citing *Man Roland Inc. v. Quantum Color Corp.*, 57 F.Supp.2d 576, 579 (N.D.Ill.1999)). *See also Donovan v. Robbins*, 99 F.R.D. 593, 596 (N.D. Ill. 1983) (stating affirmative defenses which put into issue relevant and substantial legal and factual questions are sufficient and may survive a motion to strike even if they may not completely bar the plaintiff's claim).

Furthermore, courts hold that lack of standing is an affirmative defense. *Macknin v. Macknin*, 404 Ill. App. 3d 520, 529 (2010); *see also*, *People ex rel. Vuagniaux v. City of Edwardsville*, 284 Ill. App. 3d 407 (1996); *Contract Development Corp. v. Beck*, 255 Ill. App. 3d 660 (1994); *Amtech Systems Corp. v. Illinois State Toll Highway Authority*, 264 Ill. App. 3d 1095 (1994). Where a party fails to plead standing as an affirmative defense, it is waived. *Hagen v. Stone*, 277 Ill. App. 3d 388 (1995). *See also*, *Wilbur v. LaFauce*, 876 N.W.2d 813, *6 (App. Iowa 2015) (discussing affirmative defenses asserted, including lack of standing); *Frontier Leasing Corp. v. Waterford Golf*

*Associates, L.L.C.*, 791 N.W.2d, *10 (App. Iowa 2010) (discussing lack of standing as an affirmative defense which must be raised prior to summary judgment).

### III. CONCLUSION

Based on the foregoing reasons, the Court should deny Plaintiff's Amended Second Motion to Strike the First and Second Affirmative Defenses of Defendant. There are substantial disputed questions of fact with regard to each affirmative defense Plaintiff seeks to strike. Both unclean hands and lack of standing are properly pled as affirmative defenses and are legally sufficient.

Defendant Stephen Kunkel respectfully requests that this Court deny Plaintiff's Amended Second Motion to Strike the First and Second Affirmative Defenses of Defendant. In addition to the above requested relief, Defendant respectfully requests that it be granted all other relief that this Court deems to be just, equitable, and proper.

STEPHEN L. KUNKEL, Defendant,

By: s/Christopher R. Hedican
Michael Z. Gurland (IL # 6274400)
The Gurland Law Firm
141 North Clay St.
Hinsdale, IL 60521
Phone: 312-420-8812
mzg@gurlandlawfirm.com

and

Christopher R. Hedican
(admitted *pro hac vice*)
BAIRD HOLM LLP
1700 Farnam St, Ste 1500
Omaha, NE 68102-2068
Phone: 402-344-0500
Facsimile: 402-344-0588
chedican@bairdholm.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2018, I served the foregoing via electronic mail to:

Craig T. Boggs
Brian L. Shaw
Veronica K. Couzo
Michael Z. Gurland

s/Christopher R. Hedican

DOCS/2034514.1