## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| GAVIN/SOLMONESE LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 16-CV-1086 |
| v. | ) | |
| | ) | Judge John R. Blakey |
| STEPHEN L. KUNKEL | ) | |
| | ) | |
| Defendant. | ) | |

**EXHIBIT FF**

**DEFENDANTS RULE 56.1 STATEMENT**

**(Affidavit of Philip Yarrow)**

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF**
**ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| GAVIN/SOLMONESE LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 16-CV-1086 |
| v. | ) | |
| | ) | Judge John R. Blakey |
| STEPHEN L. KUNKEL | ) | |
| | ) | |
| Defendant. | ) | |

**AFFIDAVIT OF PHILIP YARROW**

I, PHILIP YARROW, do hereby attest and state as follows:

1.      I am a Portfolio Manager and Analyst for Invesco Senior Secured Management, Inc. ("ISSM") in Downers Grove, Illinois.  I have worked for ISSM since 2010. ISSM acts as investment manager to various collective investment funds and accounts ("Clients").  As a Portfolio Manager and Analyst for ISSM, I am responsible for managing ISSM's Clients' interests in Tamarack Ski Resorts, LLC ("Tamarack"). Unless otherwise stated herein, I have personal knowledge of the facts stated in this affidavit and could testify competently thereto if sworn as a witness.

2.      Stephen L. Kunkel is an individual that ISSM has on occasion proposed for appointment as an independent board member of companies in which ISSM's Clients own debt or equity. ISSM's relationship with Mr. Kunkel began in or around 2010.

3.      In or around early summer 2013, which I understand to have been prior to his employment with Gavin/Solmonese, I began to have discussions with Mr. Kunkel about the possibility of his serving as an independent board member for Tamarack, as that property (an operating ski resort) was experiencing financial difficulty and appeared to be heading towards foreclosure. In October 2013, lenders began foreclosure procedures on Tamarack. The foreclosure was completed in March 2014, and the owners of the ski resort (which included ISSM Clients)

needed to seat independent board members on Tamarack's Board of Directors. I proposed Mr. Kunkel for appointment to the Tamarack Board, and the Tamarack Board approved his appointment.

4.      ISSM proposed Mr. Kunkel because of his prior board experience. ISSM did not (and does not) have a relationship with Gavin/Solmonese and did not consider retaining Gavin/Solmonese in connection with ISSM's proposal to the Tamarack Board of Directors.

5.      While Mr. Kunkel was serving on Tamarack's Board of Directors, Tamarack was operated by an entity called RePlay Resorts, LLC. During the first half of 2014, the Tamarack Board raised concerns regarding RePlay's management of the ski resort, including specifically the level of fees charged by RePlay. Mr. Kunkel suggested to the Board that his firm, Gavin/Solmonese, could take over the management of the ski resort. RePlay ultimately agreed to renegotiate its fees, which resulted in a decision by the Board to retain RePlay.

6.      In the fall of 2016, Mr. Kunkel, through his then current employer, VentureSpring, was hired to be the CRO of Tamarack. That engagement lasted until the spring of 2017, with the successful sale of the business. I am unaware of any other business opportunities received by Mr. Kunkel during his service as a member of the Board of Tamarack.


FURTHER AFFIANT SAYETH NAUGHT.

PURSUANT TO 28 U.S.C. SECTION 1746.1, I VERIFY UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AS INDICATED ABOVE.


Date:   January 8, 2018

Philip Yarrow