IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GAVIN/SOLMONESE, LLC,<br><br>    Plaintiff,<br><br> v.<br><br>STEPHEN L. KUNKEL,<br><br>    Defendant. | No. 16-CV-1086<br><br>Judge John R. Blakey |

**PLAINTIFF GAVIN/SOLMONESE, LLC'S OPPOSITION TO
DEFENDANT STEPHEN L. KUNKEL'S MOTION TO STRIKE**

## INTRODUCTION

Defendant's Motion to Strike the Declaration of Ross Waetzman and the Declaration of Ted Gavin[1] should be denied because he fails to meet his burden under the Sham Affidavit Doctrine. Defendant fails to prove that the challenged statement from the Waetzman Declaration contradicts his deposition testimony. In fact, the Waetzman Declaration statement that Steve Kunkel did not inform him or Gavin/Solmonese of his position on the Tamarack Board is consistent with Waetzman's deposition testimony.

Likewise, Defendant's arguments regarding the Gavin Declaration fails for two reasons. First, Defendant fails to establish that paragraph 15 of the Gavin Declaration contradicts previous deposition testimony regarding the allegations Gavin was aware of in December 2014. Second, Defendant's allegation that paragraphs 15-18 of the Gavin Declaration create "false impressions" regarding the timeline of events is not true, and even if true, still falls below the standard for striking portions of a declaration under the Sham Affidavit Doctrine.

Though baseless, all of Defendant's arguments were better suited for his Summary Judgment Reply Brief and are not the basis for a motion to strike. Defendant has failed to meet his burden, and his Motion to Strike should be denied.

## STATEMENT OF FACTS

**Declaration of Ross Waetzman**

On August 1, 2018, Plaintiff submitted the Declaration of Ross Waetzman ("Waetzman Declaration") in support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment. ECF No. 109. Defendant asked the Court to strike paragraph 6 from Waetzman Declaration:

6. Kunkel did not disclose that he was a Board Member of the Tamarack Board.

---

[1] Defendant's Motion to Strike asserts that both specific sections of the Waetzman and Gavin Declarations should be stricken, and the Declarations as a whole. However, Defendant must articulate specific arguments for each paragraph he asserts should be stricken. *Arce v. Chicago Transit Authority*, 311 F.R.D. 504, 512 (N.D. Il. 2015). It is improper to strike an entire declaration because a few paragraphs could potentially be improper. *Id*.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO STRIKE

-1-

ECF No. 109, ¶ 6.

During his May 25, 2017 deposition, Ross Waetzman ("Waetzman") testified that he "was not aware that [Kunkel] sat on a board nor did [Kunkel] ever tell him he sat on a board." ECF No. 110-4 at 1520 (Waetzman Dep. Tr. at 99). Waetzman was not involved in the process of hiring Steve Kunkel ("Kunkel") (ECF No. 110-4 at 1518 (Waetzman Dep. Tr.[2] at 89)), when information regarding board members may have traditionally been disclosed. Waetzman testified that although he *now* knows that Kunkel was on Tamarack's board, that was not a fact he was aware of in 2014/2015. *Id*. at 1518-19 (Waetzman Dep. Tr. at 89-94). Waetzman was aware that Kunkel was doing work for Tamarack, including taking trips and having phone calls, but Waetzman did not know Kunkel's relationship with Tamarack. *Id*. at 1518 (Waetzman Dep. Tr. at 90). At the time Waetzman did not "know that [Kunkel] was working at Tamarack as a board member. I just know that he was on a call -- a board call. He could have been an advisor to. I don't know in what capacity he was employed by Tamarack." *Id*. at 1519 (Waetzman Dep. Tr. at 94).

**Declaration of Ted Gavin**

On August 1, 2018, Plaintiff submitted the Declaration of Ted Gavin ("Gavin Declaration") in Support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment. ECF No. 108. Defendant asked the Court to strike four paragraphs from Gavin's Declaration:

15. In late December 2014, G/S learned of allegations that Kunkel had sexually harassed and spanked young male subordinates at Soo Tractor.

16. When confronted with allegations that Kunkel had sexually harassed and spanked young male subordinates at Soo Tractor, Kunkel denied these allegations.

17. Shortly after Kunkel denied these allegations of sexual harassment and spanking, G/S's counsel received a recording that Alex Peterson ("Peterson"), one of Kunkel's victims, had made of one of the incidents. G/S's counsel informed me of this recording.

---

[2] The Waetzman Deposition does not have line numbers after page 31 and page numbers will be cited to generally.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO STRIKE

-2-

> 18. On the morning of January 28, 2015, before receiving a letter from Soo Tractor terminating G/S's services, I sent Mahaney an email informing him of the allegations regarding Kunkel.

ECF No. 108 ¶¶ 15-18.

During his February 24, 2018 deposition, McMichael Mierau ("Mierau") testified that during a September 2014 car trip with Joey Perera ("Perera"), Perera told him that Kunkel also spanked him (Perera). ECF No. 110-5 at 1619-20 (Mierau Dep. Tr. at 56:10-57:6). Later, on or about December 20, 2014, Mierau contacted Waetzman and gave him the "whole story." *Id*. at 1642 (Mierau Dep. Tr. at 147:5-7). Mierau testified that he provided details to Waetzman and "kind of told him basically everything that had been going on that -- that, you know, was kind of kept behind closed doors." *Id*. (Mierau Dep. Tr. at 147:12-16). Gavin learned of Mierau's allegations, and all of the details he presented to Waetzman, around December 20, 2014, when Waetzman contacted him regarding the allegations against Kunkel. ECF No. 110-3 at 1431 (Gavin Dep. Tr. at 91:8-11).

In Gavin's June 21, 2017 deposition, he testified that when confronted with the allegations, Kunkel repeatedly told counsel that "Mierau had fabricated his allegations." ECF No. 110-3 at 1431 (Gavin Dep. Tr. at 92:7-14).

## ARGUMENT

The "sham" doctrine "must be applied with caution." *Flannery v. Recording Industry Ass'n of America*, 354 F.3d 632, 638 (7th Cir. 2004). There is a distinction between "discrepancies which create transparent shams and discrepancies which create an issue of credibility or go to the weight of the evidence. . . . Credibility and weight are issues of fact for the jury, and we must be careful not to usurp the jury's role." *Id.* (internal citations omitted). "Only when the changed testimony is 'incredible and unexplained' may courts disregard the affidavit, because when the change is 'plausible' and 'the party offers a suitable explanation' . . . the fact of contradiction 'affects only [the testimony's] credibility, not its admissibility.'" *Arce v. Chicago Transit*

*Authority*, 311 F.R.D. 504, 510 (N.D. Ill. 2015 (quoting *McCann v. Iroquois Mem'l Hosp.*, 622 F.3d 745, 751 (7th Cir. 2010)).

An affidavit is only considered a "sham" where the "contradictions [are] so clear that the only reasonable inference was that the affidavit was a sham designed to thwart the purposes of summary judgment." *Castro v. DeVry University, Inc.*, 786 F.3d 559, 571 (7th Cir. 2015). "A 'contradiction,' which only exists when the statements are 'inherently inconsistent,' not when the later statement merely clarifies an earlier statement." *Flannery*, 354 F.3d at 638. For a subsequent affidavit to be considered a "sham," the witness must have been given the opportunity to give "clear answers to unambiguous questions." *Castro*, 786 F.3d at 572 (internal citations omitted).

Defendant has failed to meet his burden of proving that any portions of the Waetzman or Gavin Declarations are shams. His motion should be denied.

### I. THE WAETZMAN DECLARATION IS CONSISTENT WITH HIS DEPOSITION TESTIMONY.

Paragraph 6 of the Waetzman Declaration is consistent with Waetzman's deposition testimony. Defendant argues that paragraph 6— which states that "Kunkel did not disclose that he was a Board Member of the Tamarack Board," (ECF No. 109, ¶ 6)—is contradicted by Waetzman's deposition testimony:

> The only board I'm aware of that he was on was Tamarack. And he asked me -- he said that I would help him with that kind of work, that that's something we could do together. And then later on he indicated that he was just doing that work on his own. And he started asking people at Radius to help him with that work.

ECF No. 110-4 at 1518 (Waetzman Dep. Tr. at 89); Def.'s Br.[3] at 7.

But Defendant has both taken Waetzman's testimony out of context and omitted testimony. First, it is clear from earlier deposition testimony that the testimony Defendant cites to was Waetzman referencing what he *now* knows about Kunkel's work with Tamarack. In the same line of questioning, Waetzman prefixed his answer with, "I *now* understand that work Steve Kunkel was doing during our engagement Radius for a company I believe is a ski resort called

---

[3] "Def.'s Br." refers to the Memo. in Supp. of Def. Stephen L. Kunkel's Mot. to Strike. ECF No. 112.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO STRIKE

-4-

Tamarack . . ." *Id*. at 1517 (Waetzman Dep. Tr. at 88) (emphasis added). This is bolstered by Waetzman's testimony that even though he knew Kunkel was doing work for Tamarack back then, he never knew what Kunkel's role was at Tamarack. *Id*. at 1518 (Waetzman Dep. Tr. at 90), 1519 (Waetzman Dep. Tr. at 94).

Defendant's motion also wholly omits testimony where Waetzman explicitly states he had no knowledge of Mr. Kunkel's board membership:

> Mr. Gurland: You testified Mr. Kunkel told you that he sat on Tamarack's board, correct?
> Mr. Boggs: Objection. Asked and answered several times. And misstates prior testimony. You can answer.
> Mr. Waetzman: **Mr. Kunkel did not tell me he was sitting on a board**.
> Mr. Gurland: You said that you're aware that Mr. Kunkel sat on a board of directors?
> Mr. Boggs: Objection. Again, misstates prior testimony. You can answer it again.
> Mr. Waetzman: I believe I mentioned that **I was not aware that he sat on a board nor did he ever tell me he sat on a board**.

*Id*. at 1520 (Waetzman Dep. Tr. at 98-99) (emphasis added).

Furthermore, Gavin also testified that Kunkel never informed G/S that he was on the Tamarack Board. ECF No. 110-3 at 1441 (Gavin Dep. Tr. at 129:15-22, 130:12-131:7); ECF No. 108, ¶ 10. Paragraph 6 of the Waetzman Declaration is consistent with Waetzman's deposition testimony. Defendant's Motion to Strike paragraph 6 of the Waetzman Declaration should be denied.

## II. DEFENDANT CANNOT PROVE THAT THE GAVIN DECLARATION MEETS THE SHAM AFFIDAVIT DOCTRINE.

Defendant fails to show that the Gavin Declaration was only submitted to create a material issue of fact for summary judgment. Defendant seeks to have stricken four paragraphs from Gavin's declaration and asserts that "Gavin's Declaration contains a complete disregard for the facts by attempting to fabricate a timeline which misleads the Court on five key issues." Def.'s Br. at 7. But Defendant only asserts that the text of one paragraph, paragraph 15, contradicts Gavin's previous deposition testimony. Defendant's remaining complaints are with the order in

which paragraphs 15-18 appear and the "impressions" Defendant asserts it creates. Such a minor complaint does not rise to the level of contradiction of clear and unambiguous questions the Sham Affidavit Doctrine seeks to preclude. *See Barker v. Quick Test, Inc.*, No. 13-C-4369, 2016 WL 1019708, at * 5 (March 15, 2016). Because Defendant fails to provide a shred of evidence that any of the statements are in fact contradictory, he cannot meet his burden to show that "the only reasonable inference was that the affidavit was a sham designed to thwart the purposes of summary judgment." *Castro*, 786 F.3d at 571.

### A. The Gavin Declaration Does Not Contain Contradicting Statements.

The statements in the Gavin Declaration are consistent with his deposition testimony. Defendant asserts that the Gavin Declaration "falsely states" that, "In late December 2014, G/S learned of allegations that Kunkel had sexually harassed and spanked young male subordinates at Soo Tractor." ECF No. 108, ¶ 15; Def.'s Br. at 7. Defendant asserts this is a "false" statement because the "allegations" is plural and "Gavin testified that G/S only knew of Mierau's allegations at that time, and that he did not know of Peterson's allegations until after G/S's termination. . . . Thus, the order of the paragraphs in the Declaration falsely suggest Kunkel was confronted with allegations from multiple employees sometime between December 2014 and Soo Tractor's termination of G/S in January of 2015 and that Gavin had received Peterson's video and photos before G/S was terminated." Def.'s Br. at 7.

Nowhere in the Gavin Declaration does it state that he knew of Alex Peterson's video and photos before G/S's termination. ECF No. 108. Defendant seeks to argue issues Plaintiff has not asserted. However, deposition testimony does show there is a triable fact of whether G/S knew of multiple allegations before termination. For instance, Mierau testified that he learned that Kunkel was also spanking Perera in September 2014. ECF No. 110-5 at 1619-20 (Mierau Dep. Tr. at 56:10-57:6). In late December 2014, Mierau contacted Waetzman and gave him the "whole story" of what Kunkel had been doing that was "kind of kept behind closed doors." *Id*. at 1642 (Mierau Dep. Tr. at 147:5-7, 12-16). Waetzman then relayed all of this information to Gavin around

December 20, 2014.  ECF No. 110-3 at 1431 (Gavin Dep. Tr. at 91:8-11).  Also, Mahaney had spoken to Gavin about Kunkel's "nonsense with the young boys" before termination.  ECF No. 110-3 at 1430 (Gavin Dep. Tr. at 87:7-9).  Considering Mierau's testimony that he knew Perera was also being spanked when he informed G/S of Kunkel's actions, and Mahaney's disclosure of nonsense with "*boys*," Defendant cannot show that "the only reasonable inference" is that Gavin's statement regarding allegations "was a sham designed to thwart the purposes of summary judgment." *Castro*, 786 F.3d at 571.  At most, Gavin's declaration is a credibility and weight issue for the jury, and no portions should be stricken. *Flannery*, 354 F.3d at 638.

**B.     The Order of the Gavin Declaration Does Not Create False Impressions of the Timeline of Events.**

The order of paragraphs 15-18 of the Gavin Declaration does not create false impressions regarding the timeline of events.  First, Defendant argues that paragraphs 15-18 of "Gavin's Declaration gives the false impression that Gavin informed Mahaney about multiple employee allegations against Kunkel on January 28, 2015." Def.'s Br. at 8.  But Defendant does not allege that the statements in paragraphs 15-18 contradict any previous testimony, just that one possible "impression" of the order of the paragraphs is misleading.  Defendant does not cite to a single case where the Sham Affidavit Doctrine is used to strike statements because of one inference that can be drawn based on the order of statements, especially when the statements do not contradict prior testimony.

Even if Defendant provided more than attorney argument, it still fails.  The Sham Affidavit Doctrine applies only to previous sworn testimony. *Barker*, 2016 WL 1019708 at *5.  Paragraph 18 references the January 28, 2015 email Gavin sent Mahaney where Gavin mentioned allegations from an employee (ECF No. 110-13 at 2195), and is not subject to the rule.  Even if it did apply, paragraph 18 does not give the "impression that Gavin informed Mahaney about multiple employees' allegations against Kunkel on January 28, 2015" (Def.'s Br. at 8) because the use of the term "allegations" in paragraph 18 is consistent with the email:

> In addition, a deeply troubled employee raised **allegations** directed at Steve and it would not be appropriate to have Steve on site. We are investigating these **allegations** and the company's counsel is looking over our shoulder through this process.

*Id.* (emphasis added). Defendant has not cited any deposition testimony that shows a contradiction between Gavin's use of the term "allegations" as used in paragraph 18 and the January 28, 2015 email.

Second, Defendant asserts that the order of paragraphs 15-18 of the Gavin Declaration "creates the false impression that Gavin informed Mahaney about more details, including that the allegations were sexual in nature and involved spanking." Def.'s Br. at 8. Defendant again takes his own "impressions" and asserts that Gavin is presenting false evidence. But that is not the text of the Gavin Deposition. And Defendant in no way demonstrates that the substance of paragraphs 15-18 contradicts any Gavin deposition testimony. Furthermore, paragraph 18 merely recites when the email[4] was sent, and that it informed Mahaney "of the allegations regarding Kunkel." ECF No. 108, ¶ 18. Any alleged "impressions" that Defendant asserts it gathered from the Gavin Declaration should have been argued in its Summary Judgment Reply Brief and is not the basis for a motion to strike.

Third, Defendant asserts that "Gavin's Declaration insinuates that paragraphs 15-18 occurred in chronological order, creating the false impression that prior to January 28, 2015, G/S received a recording of one of the incidents from Peterson." Def.'s Br. at 8. The Gavin Declaration does not state that G/S received Peterson's video before G/S's termination (ECF No. 108, ¶¶ 15-18) and therefore cannot contradict any deposition testimony. Defendant's asserted "impression" hardly meets the burden of the Shame Affidavit Doctrine and instead is an issue that could have been addressed in Defendant's Summary Judgment Reply.

Last, Defendant argues that "Gavin's Declaration misleadingly suggests that he informed Mahaney of the allegations against Kunkel, including about Peterson and his video, when G/S had

---

[4] Plaintiff submitted the January 28, 2015 email as part of its Opp. to Def.'s Mot. for S. Judgment. ECF No. 110-13 at 2195.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO STRIKE

-8-

no such knowledge, prior to Mahaney's decision to terminate G/S." Def.'s Br. at 9. As previously stated, paragraphs 15-17 do not contain any contradictory statements, and paragraph 18's use of "allegations" is consistent with the January 28, 2015 email it is referencing. Also, the Gavin Declaration does not state that Gavin informed Mahaney of Peterson and his video, and Defendant's assertion otherwise is misleading.

Defendant asserts that the "Plaintiff cannot suggest with a straight face that Mahaney did not terminate G/S until after receiving Gavin's email on January 28, 2015 informing him about 'a deeply disturbed young man.'" *Id*. Whether Plaintiff sent Mahaney the January 28, 2015 email before G/S was terminated, which Plaintiff asserts he did, is an improper argument for a motion to strike, and instead is a factual issue that belongs before the jury. This argument is proof that Defendant's true purpose in filing his motion to strike is to argue substantive points and to exclude relevant information from the jury's consideration. Defendant's motion to strike portions of the Gavin Declaration should be denied.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Strike should be denied in its entirety, and Defendant's Motion for Summary Judgment should be denied for the reasons set forth in Plaintiff's Opposition to Defendant's Motion for Summary Judgment.

Dated: September 12, 2018

Respectfully submitted,

GAVIN/SOLMONESE LLC

By: */s/ Craig T. Boggs*

Craig T. Boggs
CBoggs@perkinscoie.com
Perkins Coie LLP
131 South Dearborn Street, Suite 1700
Chicago, IL 60603-5559
312.324.8400

Brian L. Shaw
BShaw@foxrothschild.com
Fox Rothschild LLP
353 N. Canal Street, #3650
Chicago, IL 60654
312.517.9200

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO STRIKE

-10-

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2018, I filed the foregoing using the Court's ECF system which caused the same to be served upon the following:

>Michael Z. Gurland
>The Gurland Law Firm
>414 North Clay Street
>Hinsdale, IL 60521
>(312) 420-8812
>mzg@gurlandlawfirm.com
>
>Christopher R. Hedican
>BAIRD HOLM LLP
>1700 Farnam St., Ste. 1500
>Omaha, NE 68102-2068
>Phone: 402-344-0500
>Facsimile: 402-344-0588
>chedican@bairdholm.com

>*/s/ Craig T. Boggs*
>Craig T. Boggs
>Perkins Coie LLP
>131 South Dearborn Street, Suite 1700
>Chicago, IL 60603
>(312) 324-8400
>(312) 324-9400 (facsimile)
>CBoggs@perkinscoie.com